## J. C. Maloney and Kate V. Maloney v. Melinda Dailey.

1. INTOXICATING LIQUORS—*Responsibility for Intoxication—A Question for the Jury.*—In a suit against a saloon-keeper for causing the intoxication of plaintiff's husband, it appeared that the husband became intoxicated in the defendant's saloon and while in that condition went to a place some distance from his home where he obtained more liquor and continued his debauch for several days, and that plaintiff sustained expense in going after him and bringing him back. *Held,* that it was a fair question for the jury how far the defendant was responsible for this debauch.

2. SAME—*Conclusions as to Cause of Intoxication Objectionable.*—In a suit against a saloon-keeper for causing the intoxication of plaintiff's husband, the husband should not be asked whether the intoxication relied upon was the same one upon which plaintiff had recovered against another defendant. It was for the jury to determine that question after hearing the facts as they occurred, and the conclusion of a witness is objectionable.

3. SAME—*Injury to Means of Support—What Proper Proof of.*—In a suit against a saloon-keeper for causing the intoxication of plaintiff's husband, evidence that the husband failed to pay his rent and that he had borrowed money to pay for treatment for the liquor habit, shows that his estate was wasted and that he was involved in debt by his appetite for drink and thus directly tends to prove that plaintiff was injured in her means of support.

4. SAME—*Injury to Means of Support—Consent to Sale Not a Bar to Recovery.*—In a suit against a saloon-keeper for causing the intoxication of plaintiff's husband, a statement by the plaintiff to the defendant that she did not care if her husband got liquor of him, if he (the husband) did not get too much, does not bar an action for actual damages caused by such intoxication.

5. SAME—*Injury to Means of Support—What May be Considered.*— In a suit for causing the intoxication of plaintiff's husband, an instruction which advises the jury that a wife may be injured in her means of support where her husband's ability to furnish her with the comforts of life is lessened or destroyed, although she may not be deprived of the bare necessaries of life, is substantially correct.

6. INSTRUCTIONS—*When Technical Inaccuracies Not Objectionable.*— A mere technical inaccuracy in an instruction upon a point not in dispute will not vitiate the judgment.

7. EVIDENCE—*Will Not be Excluded Because it Reflects upon a Party to the Suit.*—Plaintiff will not be debarred from giving the details of an act complained of, because by so doing the defendant would appear to be guilty of an infraction of a statute not relied upon for a recovery, and thus the jury might be prejudiced against him.

**Trespass on the Case,** for causing the intoxication of plaintiff's husband. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

LILLARD & WILLIAMS, attorneys for appellants.

R. D. CALKINS and S. P. ROBINSON, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in favor of the appellee against appellants for one hundred dollars. The cause of action alleged was that appellee had been injured in her means of support by reason of the intoxication of her husband, produced by liquor sold to him by appellant, J. C. Maloney, in a building in Bloomington belonging to Kate V. Maloney, who knowingly permitted intoxicating liquor to be sold therein. The evidence shows that the plaintiff was substantially injured in her means of support by the cause alleged and the sum awarded by the verdict is very moderate.

The first objection noted in the brief is that evidence was allowed to go to the jury as to intoxication of her husband while at Champaign, and the expense sustained by the plaintiff in going after him and bringing him back to Bloomington. It appeared that he became intoxicated at Bloomington, and while in that condition went to Champaign and

Maloney v. Dailey.

so continued for several days, and that plaintiff was thereby put to the expense and trouble mentioned. How far the appellants were responsible for this debauch was a fair question for the jury. The husband testified that at the beginning he got one glass of beer at Maloney's and that he kept on drinking until he did not know what he was doing, and went to Champaign while so intoxicated, where the debauch was continued till the plaintiff came after him.

She testified that she saw him come out of Maloney's and soon after he went home, then being under the influence of liquor; that he cursed her and got his clothes and left, and she did not know where he was until she heard he was in Champaign. The jury were warranted in the inference that the liquor furnished by Maloney contributed, in part, to this intoxication, which was protracted for some four days. It is objected that the court permitted the husband to testify that he was frequently in Maloney's saloon on Sunday; that it was not material so far as this action was concerned whether he was there on Sunday or on week days, and that such proof was calculated to influence the jury. If it was true that the sales were made on Sunday, there is no reason why it should not be proved, not because, in a legal sense, it was important to show that Sunday was thus violated, but merely because it was one of the facts of the case. It would have been perfectly proper to prove the day of the week, if known, that any of these transactions occurred, and plaintiff was not to be debarred from thus identifying the act complained of, because by so doing the defendant would appear to be guilty of an infraction of the statute upon which she did not rely for a recovery.

As already observed, the verdict is a very moderate one, and there can be no reason for supposing that the jury were at all influenced by this proof, but whether so or not, there was no error in this respect.

It is urged that the court refused to permit the husband, Dailey, to testify on cross-examination that the intoxication relied on in this case was the same upon which plaintiff had recovered in a suit against Blumke, the record of

which case is also before us at this term. The court ruled merely that the witness could be asked what he testified in the Blumke case. This was right. It was for the jury to hear the evidence and determine whether the intoxication proved in this case was the same upon which recovery was had in the Blumke case, and the witness was required to state what he did testify in that case. It was not for him to swear to his conclusion or opinion upon the point.

Another objection is that the witness Jones was not permitted to state on cross-examination what plaintiff said to him on a certain occasion.

The question asked and excluded did not pertain to the subject-matter of the direct examination, and the defendant was therefore properly required to make the witness his own and examine him on the point, which he did, and thereby elicited all the witness knew of the matter.

It is urged the court erred in admitting evidence that Dailey failed to pay his rent and that he also owed the landlord for money advanced him to go to a place named for the purpose of being cured of the liquor habit.

We see no error in this, as it tended to show that his estate was wasted and he involved in debt because of his appetite for drink, and this directly tended to prove the plaintiff's allegation that she was injured in her means of support. Nor was it error to refuse proof that the plaintiff might have employed some one to take the produce of the garden to market. Of course she might, but if it was the work her husband should have done, and did, when sober, and which he neglected when drinking, it is not apparent that the defendant could escape responsibility by showing that some one else might have been employed to do what he thus neglected. It is argued that by the weight of the proof the plaintiff authorized Maloney to sell liquor to her husband. As to this the evidence is conflicting. The witnesses called to prove such permission fixed the time when they heard her give it, in May, 1894. She positively denies it and proved by her own testimony and that of another witness that she expressly forbade Maloney to let her husband have

any more liquor as late as September, 1894, and it was shown that the notice was disregarded, for he drank there repeatedly after that date and was frequently drunk. One of the witnesses who was called to prove her permission took her husband home drunk, from Maloney's place, in November, and said that she then told him she had forbidden Maloney to let her husband have liquor, but had afterward recalled it and authorized him to let him have liquor but not enough to make him drunk. Manifestly this was not the fact, and if she ever gave the permission it was before the prohibition, and probably the witness misunderstood her if indeed she said anything to him about it. Other witnesses said they heard her say to Maloney in her husband's presence and at his instance (she and he then being in a wagon on the street, and Maloney standing on the sidewalk in front of his place), that she did not care if her husband got liquor there if he did not get too much.

The jury may have believed that she did give this conditional permission in May and that in September following she made the prohibition absolute.

It was for the jury to reconcile the evidence and to say which witnesses were the more credible. Even if the jury believed there was the conditional permission testified to by some of the witnesses it would not bar the action for actual damages caused by his intoxication. Hackett v. Smelsley, 77 Ill. 124.

As to instructions some complaint is made. First, that the plaintiff's instruction No. 1 in effect advised the jury that the owner of the building would be liable jointly with the person selling the liquor if such owner "knew that intoxicating liquors were sold in the building."

The statute provides, Sec. 9, Chap. 43, that if the owner of a building shall permit the occupation thereof with knowledge that intoxicating liquor is to be sold therein, or, having leased for other purposes, shall knowingly permit therein the sale of intoxicating liquor, he shall be liable with the person who dispenses the liquor.

The instruction referred to is not so precise and accurate

as it should be, but there was no dispute as to that branch of the case.

There was no denial that the building was fitted up and rented for the express purpose of conducting a dram shop therein, and it would be absurd to reverse this judgment because of the inaccuracy of the instruction in that respect.

Objection is taken to several instructions upon substantially one ground, that is, that the jury were advised to find for plaintiff, in case it appeared her husband became intoxicated on liquor furnished by defendant, and while in that condition wasted and squandered his property to the injury of her means of support, the criticism being that the instructions did not make it an essential element of the case that the squandering of property was in consequence of the intoxication, because it is said, a sober man may squander his means, and therefore it is not enough that the wasting and squandering occurred during the intoxication. Technically, the criticism is correct, but it is too refined for application here. It may be well inferred that a man who attends to his business when sober and neglects it when drunk is so negligent because of the drunkenness. In the present case, there is no question that the wasting and squandering of money and other property by Dailey during intoxication was directly in consequence thereof. That was not in dispute, and, as has been remarked in reference to other instructions touching a point not controverted, the judgment is not vitiated by a mere technical inaccuracy in an instruction upon such a point.

Objection is made to the third instruction for plaintiff, because it advises the jury that a wife may be injured in her means of support when her husband's ability to furnish her with the comforts of life is lessened or destroyed, although she may not be deprived of the bare necessaries of life. As applied to this case, the instruction was substantially correct. McMahon v. Sankey, 133 Ill. 643.

It is argued that the fourth instruction improperly assumes facts which were in dispute. We think not.

Several other instructions are also objected to, but the

objections are much of the character of these noticed and are quite unsubstantial. We deem it not necessary to discuss the points presented thereby. We consider the verdict responsive to the merits of the case as disclosed by the evidence, and we find no error of law which ought to work a reversal. The judgment will be affirmed